IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY BOWERS, on behalf of himself and all similarly situated individuals, | ) ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| ADVANCED DISPOSAL SERVICES JACKSON, LLC | ) ) ) | COLLECTIVE CERTIFICATION SOUGHT |
| Defendant. | ) ) ) | |
| _____ | ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Johnny Bowers (hereinafter "Plaintiff"), and files this lawsuit against Defendant Advanced Disposal Services Jackson, LLC (hereinafter "Defendant"), and shows the following:

### **I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

This Court has original jurisdiction of this complaint pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

4.

Defendant is a Georgia corporation and the unlawful employment practices described herein occurred at 120 Rodeo Drive, Jackson, Georgia, 30233. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is an adult resident of the State of Georgia.

6.

Plaintiff worked as a Truck Driver during the relevant statutory period.

7.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt work for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential for *all* hours worked over forty (40) hours in a workweek.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is governed by and subject to FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and § 207.

## IV. COLLECTIVE ACTION ALLEGATIONS

14.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendant as "Truck Drivers" during the last three years and whose primary job duties include, but are not limited to, driving, cleaning and re-fueling the trucks (hereinafter "the Collective Class"). Plaintiff and the Collective Class did not drive interstate, and the garbage that they transported remained in landfills in the State of Georgia.

15.

During the applicable statutory period, Plaintiff and the Collective Class routinely worked more than forty (40) hours per workweek without receiving overtime compensation for all hours worked over forty (40) hours per workweek.

16.

Defendant was aware that Plaintiff and the Collective Class were working more overtime hours than the overtime hours reported by Defendant.

17.

After Plaintiffs logged sixty hours of work, Defendant required Plaintiff and the Collective Class to log out of Defendant's computer system and continue to perform work.

18.

Plaintiff and the Collective Class repeatedly complained about Defendant's policy of working off the clock.

19.

Defendant's conduct was willful and in bad faith.

20.

Defendant's practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered a loss of wages.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendant violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for all hours that Plaintiff worked in excess of forty (40) hours in a workweek.

23.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

24.

Defendant suffered and permitted Plaintiffs and the Collective Class to routinely work more than forty (40) hours per workweek without overtime compensation for all hours worked over forty hours per workweek.

25.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate for *all* hours worked over forty (40) hours in a workweek.

26.

Defendant knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

27.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

28.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

29.

The foregoing conduct, as alleged, constitutes a willful violation the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert

witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E) Grant leave to add state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 23rd day of February, 2012.

**BARRETT & FARAHANY, LLP**

s/Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile